ROSE A. MURRAY

v.

F. H. MATTISON ET AL.

May Term, 1895.

*Joint liability for trespass.    Notice to produce.    Proof of loss.    Evidence.*

1.  The declaration contained two counts;  one for assault upon the plaintiff, and the other for trespass to her goods.   Two of the defendants justified as to the first count, and all as to the second.   The jury, by special verdict, assessed damages on each count.   *Held*, that a judgment for the entire damages against all the defendants was erroneous, for that it did not fairly appear from the exceptions that the jury had found all the defendants guilty under the first count.

2.  Notice to produce must be given before the contents of a written instrument can be shown where there is a privity between the party to the suit and the one having custody of the writing.   *Held*, that there was such privity between the plaintiff in a writ of possession and an officer sued for trespass committed in serving the same.

3. The question was whether the house from which the plaintiff had been evicted upon a writ of possession against her husband, had been rented to her or her husband by the owner Hall. *Held*, that letters from the housekeeper of Hall about the renting of the same were material and that the plaintiff must show their loss before she could prove their contents.

4. It appeared that the husband of the plaintiff had, for the most part, paid the rent by remittances sent by letter, directly to Hall, and had received receipts therefor, all of which the plaintiff well knew. *Held*, that a letter from the husband, enclosing a money order for rent and asking that certain repairs be made, was admissible.

Trespass. Plea, the general issue, with notice of special matter in justification. Trial by jury at the December term, Bennington county, 1893, Ross, C. J., presiding. The jury returned a special verdict upon which the court gave judgment against all defendants. The defendants except. The case appears in the opinion.

The letter of Nov. 19, 1888, referred to, was as follows :

"SOUTH SHAFTSBURY, VT., Nov. 19, 1888.
GILBERT HALL :

*Dear Sir*—Enclosed I send money order of eight dollars for rent of your house from Nov. 17 to Dec. 17. The house leaks badly, particularly the roof of the library room. I wish you would have some tinner repair at least that. The other leaks is no detriment to me, as I don't occupy the rooms in the attic. The flashing around the chimney is very defective. That is the cause of the leaks in the main roof.
Respectfully yours,
JOHN MURRAY."

*W. B. Sheldon* for the defendants.

Upon the special verdict there could be no judgment against the defendants jointly, and several judgments could not be rendered against them in this form of action. *Smith.* v. *Kellogg et al.*, 46 Vt. 564 ; *Powell* v. *Thompson*, 80 Ala. 51 ; *Herron* v. *Hughes*, 25 Cal. 555 ; *Templeton* v. *Clogs-*

*ton*, 59 Vt. 628; *Barlow* v. *Leavitt*, 66 Mass. 483; *Fair-field* v. *Burt*, 28 Mass., 244; *Cunningham* v. *Dyer*, 2 T. B. Mon. (Ky.) 50; *Gearheart* v. *Smallwood*, 5 Mo. 452; *Grusing* v. *Shannon*, 2 Ill. App. 325; *Hundhausen* v. *Bond*, 36 Wis. 39; *Berry* v. *Fletcher*, 1 Dill. 67; *Chambers* v. *Upton*, 34 Fed. Rep. 473.

*Batchelder & Barber* for the plaintiff.

ROWELL, J.   The declaration contains two counts. The first is for assaulting the plaintiff and expelling her from her dwelling-house; the second, for taking and carrying away her household goods.   The defendants pleaded the general issue, and gave notice of justification under a writ of possession in favor of Hall against Murray, plaintiff's husband.   The defendant Mattison, as deputy sheriff, and the defendant Hastings, as acting by his command and under his authority, justified the assault and expulsion complained of in the first count, and said Mattison and all the other defendants justified in like manner the trespass complained of in the second count.   The exceptions state that the several defendants participated in the alleged trespasses as therein shown; that none of the other defendants did anything except under authority from Mattison; and that it was all one transaction.   No general verdict was taken, but the court submitted several propositions for special findings. It appears from the charge, which is made a part of the exceptions, that there was really no controversy but that Mattison and Hastings alone, without the participation of the other defendants, put the plaintiff out of the house, nor but that all the defendants participated in carrying out the goods; and so the first proposition submitted for the jury to consider was, that on the day alleged the defendant Mattison, in serving said writ as such sheriff, and the defendant Hastings, acting under and by his command, forcibly removed the plaintiff from the premises described in the writ; and

the second proposition submitted was that all the defendants, acting in like capacity and by like authority, removed from the premises the household goods and the children of the plaintiff, against her will; and the jury found accordingly. The court submitted separate propositions on the question of damages, namely, one for a finding of damages for the expulsion of the plaintiff by Mattison and Hastings, and one for the damages for removing the goods and the children. In submitting the first proposition as to damages, the court told the jury that those damages related to Mattison and Hastings only, as the other defendants took no part in the removal of the plaintiff herself, and that the proposition was so drawn. The jury found that if the removal of the plaintiff by Mattison and Hastings was wrongful, she suffered thereby two hundred dollars damages, and that if the removal of her goods and children by all the defendants was wrongful, she suffered thereby fifty dollars damages, and that thirteen dollars of that sum were for damages unreasonably and unnecessarily done to the goods in such removal. The court rendered judgment for the plaintiff against all the defendants jointly for the full amount of the damages found and costs, to which the defendants excepted.

If, as the plaintiff argues, all the defendants went to the house for the common purpose of clearing it of whomever and whatever was in it, they are all equally and jointly liable, although all did not actually assist in putting the plaintiff out; for in that case the plaintiff had a right to treat the act of any of them as the act of all, and to sue all. But such was not the case, neither in the pleadings nor the proof. Mattison and Hastings gave notice of justification of the assault on the plaintiff; but the other defendants gave no such notice, but only notice of a justification of taking and carrying away the goods, and stood upon the general issue as to the assault upon the plaintiff; and the proof was, as the court told the jury, that they took no part in that as-

sault, and the findings are equivalent to a finding that they were not guilty thereof. This is unquestionably the way in which the exceptions present the case. It was, therefore, error to render judgment against all for the full amount, for thereby some of the defendants were made liable for damages not imputable to them.

If this was the only error in the case it would be necessary to consider against whom and for what amount the plaintiff can have judgment; but as there is other error that vitiates the entire findings, it is unnecessary to consider that question.

The principal question in the case was, whether the plaintiff or her husband was the tenant of the house at the time in question, and, as bearing on this question, whether she or her husband hired it of Hall. She claimed that she hired it herself in her own name and right before she moved in, and afterwards made a further contract with Hall for it.

To show that she hired it before she moved in, she relied upon certain letters that she wrote and procured to be written and sent to Hall and his housekeeper, respectively, and upon certain replies thereto from the housekeeper, written by Hall's authority, the contents of all which she offered to show by parol, without showing notice to Hall to produce those from her, or the loss of those from the housekeeper, which she was allowed to do. This was error. As to the letters to Hall, who lives in New York and is not a party of record, although it has been held that when an original paper is in the hands of a person who cannot be reached by the process of the court it is as much beyond a party's power to compel its production as though destroyed, and that therefore its contents can be proved by parol without notice to produce, yet this rule, if sound, does not apply if there is a privity between the other party and the custodian of the paper, for in such case the instrument is deemed to be virtually in such party's possession, and consequently notice to

produce is necessary in order to make secondary evidence of its, contents admissible.   2 Phil. Ev. 521.

Hall was the party in interest in having the writ of possession executed, and in the circumstances the officer, the defendant Mattison, undoubtedly had a right to indemnity in respect of its execution.   Cooley, Torts, 146; *Grace* v. *Mitchell*, 31 Wis. 533, 11 Am. Rep. 63.   There was, therefore, such a privity between the officer and Hall that notice to produce was necessary.

As to the letters from the housekeeper, there is no doubt but proof of loss was necessary.   Nor were these letters immaterial and therefore the admission of their contents harmless error, as now claimed by the plaintiff; but on the contrary, in the attendant circumstances, they undoubtedly had the tendency claimed for them by the plaintiff on trial.

The defendants claimed, and gave evidence tending to show, that Hall did not rent the house to the plaintiff but to her husband, and never recognized her as his tenant.   It appeared that she personally paid none of the rent, but that her husband paid it from month to month to Nov. 1, 1889, by remittances direct to Hall, which Hall receipted in writing to Murray, and that the plaintiff was fully cognizant of all the correspondence that passed between them concerning it as the business went on.   In view of this, the letter of Nov. 19, 1888, from Murray to Hall, offered in evidence by the defendants and excluded, was admissible against her as tending to show, in connection with the other testimony in the case, that she understood that her husband and not she was the tenant.

The defendants presented eighteen requests to charge, all of which, the record says, were refused.   The defendants excepted to such refusal, and to the charge upon the subjects thereof.   The defendants also alleged many specific exceptions to the charge.   It were long to consider these

points one by one.   Suffice it to say that we see no error in respect of any of them.

A few other questions have been argued, but they are of minor importance and are not discussed.   We find no error concerning them.

*Judgment reversed and cause remanded.* .